# THE CITY OF KEY COLONY BEACH v SADOWSKI

## Case No. 90-10263-CA-18

Sixteenth Judicial Circuit, Monroe County

January 2, 1991

### APPEARANCES OF COUNSEL

**A. M. Schwitalla, Esquire,** for plaintiff.

**David L. Manz, Esquire,** for defendant.

### OPINION OF THE COURT

RICHARD G. PAYNE, Circuit Judge.

### *FINDINGS OF FACT, CONCLUSIONS OF LAW, JUDGMENT*

This is an action instituted by the City of Key Colony Beach seeking a Declaratory Judgment with respect to Respondent's claimed right to grant or withhold permission for property owners to construct docks, piers, pilings and seawalls within the canals located within the City.

In the 1950's Respondent and his father developed the City of Key Colony Beach through the construction of five (5) separate subdivisions

where almost all properties have been shown as canal front or ocean front lots.

The Petitioner City was first made aware in July of 1989 by letter from Respondent that Respondent claimed ownership of all canal bottoms of the City of Key Colony Beach and that no permits to construct docks, piers or pilings should be issued unless the applicant was possessed of a deed authorizing same from Respondent.

Respondent asserts that each property owner has an implied easement for use of the canals as water thoroughfares, including the right to tie up their vessels to the seawall.

Respondent asserts that at the time of all lot sales that it was verbally understood by the buyer that a subsequent sale and acquiescence from Respondent would be necessary in order to construct a dock.

Respondent has never paid taxes for said canal bottoms and he has never been assessed taxes on the canal bottoms.

The City Clerk testified that she has been a clerk for the City for the last 12 years and she is only aware of 2 or 3 quit-claim deeds that property owners have obtained permission from Respondent to construct docks. In that time the City has issued over 300 dock permits.

The subdivision plats are silent as regards the dedication of the canals or canal bottoms to the purchasers or reservation of rights to the Respondent. However, the Declaration of Restrictions provide the following language:

"10. No docks shall be constructed on waterfront lots facing the canal which extend more than 15' into the said canals, nor may any docks be constructed on waterfront lots facing the bay which extend more than 20' into said bay." Key Colony Beach First Addition.

A reasonable construction of this language is that the canal front property owners have the right to construct a dock so long as it does not extend beyond the limits stated in paragraph No. 10 as an appertainance to ownership of the lots.

If Respondent can be said to have the right at this late date to issue deeds to allow construction of docks, it would hold true that Respondent could lawfully withhold this right. The Respondent agrees that all property owners have an implied easement of travel upon these canals and that Respondent does not require the purchase of a deed to construct a seawall.

There appears to be no Florida cases involving the failure to dedicate

188

a canal on a plat. However, in an early Supreme Court opinion relating to property designated as a park on a recorded plat, but not expressly dedicated, it was held that two kinds of rights had been created. The first right being the right in the Public and the second right are those rights acquired by purchasers of lots located in that subdivision. *Florida East Coast Ry. Co. v Worley*, 38 SO. 618 (Fla. 1905). The rationale set forth in this opinion 86 years ago applies equally as well as to subdivisions having areas designated as "canals", the premises considered, it is

ORDERED and ADJUDGED that the City of Key Colony Beach, Florida may issue permits to construct seawalls, piers and docks to canal front property owners without the requirement that Respondent acquiesce in the issuance of said permit.

The Court reserves jurisdiction to tax costs.

DONE AND ORDERED at Marathon, Monroe County, Florida, this 2nd day of January, 1991.